UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Quintez Rasheed Jeffreys**                    **Docket No. 5:23-CR-225-1M**

### Petition for Action on Supervised Release

COMES NOW Cierra M. Wallace, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Quintez Rasheed Jeffreys, who, upon an earlier plea of guilty to Possession With Intent to Distribute a Quantity of Cocaine Base (Crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), was sentenced by the Honorable Terrence W. Boyle, U.S. District Judge, on January 25, 2024, to the custody of the Bureau of Prisons for the term of 39 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for the period of 36 months. Quintez Rasheed Jeffreys was released from custody on September 5, 2025, at which time the term of supervised release commenced.

On September 16, 2025, the case was reassigned to the Honorable Richard E. Myers II, Chief U.S. District Judge.

On September 17, 2025, a Petition for Action was submitted advising the court that the defendant tested positive for marijuana prior to the start of his supervision term. The court permitted supervision to continue and ordered the defendant to participate in substance abuse treatment.

On October 28, 2025, a Petition for Action was approved by the court, adding mental health treatment as a condition.

On February 23, 2026, a Revocation Hearing was held, at which time the court found that the defendant had violated the terms and conditions of his supervised release by using controlled substances on four occasions, failing to maintain lawful employment, and committing new criminal conduct involving traffic-related offenses. The court revoked the defendant's term of supervised release and sentenced him to time served. The court further ordered that the defendant be placed back on supervised release under the same terms and conditions previously imposed, through the original termination date of September 4, 2028.

At sentencing, the defendant was ordered to abide by mandatory, standard, and special conditions of supervision. Pursuant to Section 5D1.4 of the Federal Sentencing Guidelines, the United States Probation Office has conducted an individualized assessment, taking the following factors into consideration: 18 U.S.C. §§ 3583(c) and (e)(2). Based on this assessment, it is recommended the defendant be subject to the mandatory conditions that were imposed at sentencing, the standard conditions, as referenced in the current standing order for the Eastern District of North Carolina, and the below special conditions, as well as any other conditions previously imposed by means of prior court action during the term of supervision.

**IT IS THE ORDER OF THE COURT THAT YOU SHALL COMPLY WITH THE FOLLOWING STANDARD CONDITIONS:**

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

Quintez Rasheed Jeffreys
Docket No. 5:23-CR-225-1M
Petition for Action
Page 2

2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about work (such as position or job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Based on the individualized assessment of this case, it is respectfully recommended that the defendant comply with the above conditions.

The defendant signed a Waiver of Hearing acknowledging and agreeing to the standard and special conditions as outlined above.

**PRAYING THAT THE COURT WILL ORDER** the defendant is continued under supervision and subject to the above listed conditions of supervision. To the extent that any of these conditions vary from

**Quintez Rasheed Jeffreys**
**Docket No. 5:23-CR-225-1M**
**Petition for Action**
**Page 3**

those imposed at the time of sentencing, based on the individualized assessment conducted, these conditions replace those originally imposed. In consultation with the probation officer the court has conducted an individualized assessment and except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Mark Culp
Mark Culp
Supervising U.S. Probation Officer

/s/ Cierra M. Wallace
Cierra M. Wallace
U.S. Probation Officer
310 New Bern Avenue, Room 610
Raleigh, NC 27601-1441
Phone: 910-679-2034
Executed On: May 18, 2026

## ORDER OF THE COURT

Considered and ordered this ___19th___ day of ___May___, 2026, and ordered filed and made a part of the records in the above case.

Richard E. Myers II
Chief U.S. District Judge